VICTOR MARRERO, United States District Judge.
*286 Plaintiff Nathaniel Parris ("Parris") filed this action against defendants New York City Housing Authority ("NYCHA") and Darrell Laval ("Laval," and together with NYCHA, "Defendants") in New York State Supreme Court, New York County (the "State Court"), alleging various federal- and state-law violations. (See"Complaint," Dkt. No. 1-3.) On September 12, 2018, Defendants, pursuant to 28 U.S.C. § 1441(a), removed the action to this Court. (See Dkt. No. 1.)
According to the Complaint, Parris formerly worked as a Regional Asset Manager for NYCHA. Laval, who is the Director of Mixed Finance at NYCHA, formerly supervised Parris's work. Parris alleges that Laval retaliated against him in response to Parris complaining of Laval's mistreatment of him. Parris also alleges that Laval retaliated against him in response to Parris cooperating with an investigation by the Inspector General's Office against Louis Rodriguez, who, according to Parris, is Laval's close friend and staff member. On or about May 4, 2017, Parris filed an internal complaint with NYCHA against Laval. Later that month, NYCHA brokered a confidential conciliation agreement between Parris and Laval. Parris alleges that Laval subsequently violated the terms of the conciliation agreement by, among other things, denying him a promotion for which he was qualified. Separately, Parris alleges that NYCHA failed to intervene or supervise Laval throughout this time. According to Parris, he was forced to resign from his position at NYCHA on September 2, 2017, due to the stress caused by his interactions with Defendants.
The Complaint asserts seven causes of action: (1) retaliation under the False Claims Act, 31 U.S.C. §§ 3729 etseq., against Defendants; (2) retaliation under the New York False Claims Act, N.Y. State Fin. Law §§ 187 etseq., against Defendants; (3) a Monell claim for negligent hiring, retention, and supervision (the "Monell Claim") against NYCHA; (4) violation of 42 U.S.C. § 1983 (the " Section 1983 Claim") against Laval; (5) breach of contract against Laval; (6) defamation and defamation per se against Laval; and (7) negligent infliction of emotional distress against NYCHA.
On September 14, 2018, Defendants wrote to Parris's counsel, in accordance with the Court's Individual Practices, to advise him of perceived deficiencies in the Complaint that, in Defendants' view, warrant dismissal of this action. ("September 14 Letter," Dkt. No. 3.) Defendants first argue that Parris's claims for retaliation under the federal and state False Claims Acts are attempts to bring a qui tam action without complying with the qui tam procedural requirements. Secondly, Defendants argue that Parris's Monell and Section 1983 Claims are deficient because the Complaint "fails to allege any actionable predicate conduct," nor does it "plead a policy, custom, or practice so as to establish municipal liability." (Id. at 2.) Thirdly, Defendants argue that Parris's breach of contract claim fails because NYCHA is not a party to the conciliation agreement and because the agreement does not give rise to a claim for breach of contract. Fourthly, Defendants argue that Parris's claim for defamation and defamation per se is deficient because the Complaint does not allege the requisite elements for such a claim. Finally, Defendants argue that Parris's claim for negligent infliction of emotional distress fails because the Complaint does not allege any sufficiently outrageous conduct by Laval.
*287 By letter dated September 21, 2018, Parris's counsel responded to the September 14 Letter and opposed Defendants' position regarding each cause of action. ("September 21 Letter," Dkt. No. 4.) Parris argues that his first two causes of action state a prima facie case for retaliation under the federal and state False Claims Acts. According to Parris, this action is therefore not subject to the federal and state qui tam procedural requirements. Secondly, Parris argues that the Complaint adequately alleges factual predicates for the Monell and Section 1983 Claims, which arise from Laval's acts of retaliation and NYCHA's failure to train and supervise Laval, respectively. Thirdly, Parris argues that the conciliation agreement is a binding agreement that gives rise to a claim for breach of contract. Fourthly, Parris argues that the Complaint adequately alleges the requisite elements for defamation and defamation per se claims by "clearly articulat[ing] the time, place and manner [of the statements], and also alleg[ing] an attack on [Parris's] professionalism." (Id. at 2.) Finally, Parris disagrees with Defendants' contention that Laval's actions were not sufficiently outrageous to support a claim for negligent infliction of emotional distress.
By letter dated September 24, 2018, Defendants informed the Court that the parties, by their own efforts, were unable to resolve their dispute. ("September 24 Letter," Dkt. No. 5.) Accordingly, Defendants requested a pre-motion conference to discuss their contemplated motion to dismiss.
On October 11, 2018, the Court held a telephone conference (the "October 11 Telephone Conference") during which it heard arguments from the parties and reached certain conclusions. (See Dkt. Minute Entry for 10/11/2018.) The Court granted Parris leave to amend the Complaint to cure defects in the first and second causes of action. The Court also directed Parris to amend the Complaint to remove the third and fourth causes of action, but the Court and the parties agreed that Parris could state a non-Monell negligence claim. Regarding the fifth cause of action, the Court directed Parris to submit an additional letter addressing whether there exists a legal basis for sustaining a claim for breach of contract arising from an alleged violation of the terms of a conciliation agreement. Regarding the sixth cause of action, the Court indicated that the Complaint appears to contain sufficiently particular factual allegations supporting Parris's claim for defamation and defamation per se. Finally, regarding the seventh cause of action, the Court indicated that the Complaint does not appear to contain sufficiently particular factual allegations to support Parris's claim for negligent infliction of emotional distress. The Court proposed that it would construe Defendants' September 14 Letter as a motion to dismiss and issue a ruling thereon, a proposal to which both parties agreed.
Consistent with the Court's directive, Parris filed an amended complaint on October 18, 2018. ("Amended Complaint," Dkt. No. 6.) The Amended Complaint asserts five causes of action: (1) retaliation under the False Claims Act, 31 U.S.C. §§ 3729 etseq., against Defendants; (2) retaliation under the New York False Claims Act, N.Y. State Fin. Law §§ 187 etseq., against Defendants; (3) negligent hiring, retention, and supervision against NYCHA; (4) breach of contract against Laval; and (5) defamation and defamation per se against Laval.
On the same day, Parris also submitted a letter in further support of his argument that an alleged violation of the terms of a conciliation agreement can form the basis for a breach of contract claim. ("October *288 18 Letter," Dkt. No. 7.) While Parris states that "[he] has found numerous cases in which a [p]laintiff has sued a [d]efendant for breach of a conciliation agreement brokered by a third[-]party entity," he cites only one such case. (Id. ) Specifically, Parris contends that the Court of Appeals for the Second Circuit sustained a claim for breach of contract arising from a violation of a conciliation agreement in Doe v. City of New York, 15 F.3d 264 (2d Cir. 1994).
On October 22, 2018, Defendants responded to the October 18 Letter, arguing in further support of their position that a conciliation agreement cannot form the basis for a breach of contract claim. ("October 22 Letter," Dkt. No. 8.) According to Defendants, the case to which Parris cites in his October 18 Letter is inapposite because, unlike the conciliation agreement at issue in Doe, the conciliation agreement at issue in this action does not itself give rise to liability. Furthermore, Defendants contend that "there is no statutory or other authority to sanction a breach of contract action for the alleged failure to comply with the terms of a conciliation agreement facilitated by [ ] NYCHA." (Id. at 1.)
On October 26, 2018, Parris submitted a reply to the October 22 Letter, arguing that his breach of contract claim is brought under contract law -- not federal or state statutory law -- and is thus analogous to the claim at issue in Doe. ("October 26 Letter," Dkt. No. 9.)
On November 1, 2018, Defendants filed an answer to the Amended Complaint. ("Answer," Dkt. No. 10.) In addition to denying Parris's substantive allegations, Defendants assert six defenses. (See id. at 5.)
The Court now construes Defendants' September 14 Letter as a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (" Rule 12(b) (6)"). For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.
Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint should be dismissed if the plaintiff has not offered factual allegations sufficient to render the claims facially plausible. See id. However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. 1955.
The task of a court is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F.Supp.2d 566, 573-74 (S.D.N.Y. 2005) (internal quotation marks omitted), aff'd sub nom. Tenney v. Credit Suisse First Boston Corp., Inc., No. 05 Civ. 3430, 2006 WL 1423785 (2d Cir. May 19, 2006) ; accord In re MF Global Holdings Ltd. Sec. Litig., 982 F.Supp.2d 277, 302 (S.D.N.Y. 2013). The requirement that a court accept the factual allegations in the complaint as true does not extend to legal conclusions. See Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. In passing upon a motion to dismiss, the Court must draw reasonable inferences and resolve any doubts in favor of the *289 plaintiff. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).
The Court first addresses the cause of action for which it grants Defendants' motion to dismiss -- namely, Count Four for breach of contract. "Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." Fischer & Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011). Here, the Court must determine whether the confidential conciliation agreement -- which was brokered by NYCHA and entered into by Parris and Laval -- is an "agreement" forming a valid legal basis for a breach of contract claim. Id.
At the outset, the Court finds that the one (and only) case to which Parris cites in support of his position is inapposite. In Doe, the Second Circuit considered whether the district court erred in dismissing a complaint for failure to state a claim under 42 U.S.C. § 1983. In that case, the plaintiff sued the City of New York and others, alleging that the defendants violated his constitutional right to privacy when they publicly revealed the details of a conciliation agreement that included a confidentiality clause. See Doe, 15 F.3d at 264-65. The Doe complaint asserted a claim under 42 U.S.C. § 1983, as well as a breach of contract claim based on the alleged breach of the terms of the conciliation agreement. The district court dismissed the plaintiff's cause of action under 42 U.S.C. § 1983, and consequently dismissed the state law causes of action (including the breach of contract claim) due to lack of subject matter jurisdiction. See id. at 266. On appeal, the Second Circuit focused only on the district court's determination regarding Doe's right to privacy. Like the district court below, the Second Circuit did not address the plaintiff's state law claim for breach of contract, and the case was ultimately discontinued without any further decision by the district court. Because neither the district court nor the Second Circuit addressed the merits of the plaintiff's breach of contract claim, Doe offers little support for Parris's breach of contract claim in this action. Indeed, Doe is merely an example of an instance in which a plaintiff, like Parris, alleged a breach of contract claim based on a violation of the terms of a conciliation agreement.
As the plaintiff in this action, Parris bears the burden of demonstrating that his claim for breach of contract is legally cognizable. See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). Because Parris cites only one case, which the Court finds inapposite, the Court is not persuaded that sufficient legal authority exists to maintain Parris's claim for breach of contract. See In re Initial Pub. Offering, 383 F.Supp.2d at 573-74 (noting that, when reviewing a motion to dismiss, the task of a court is "to assess the legal feasibility of the complaint"). Accordingly, the Court grants Defendants' motion to dismiss Count Four of the Amended Complaint.
The Court next addresses the causes of action for which it grants in part and denies in part Defendants' motion to dismiss. Regarding Counts One and Two, the Court is persuaded that the Amended Complaint asserts claims for retaliation under the federal and state False Claims Acts. The claims are therefore not subject to the qui tam procedural requirements. See Hayes v. Dep't of Educ. of New York, 20 F.Supp.3d 438, 443 (S.D.N.Y. 2014) ("There is no question that if [a] [p]laintiff has properly pleaded a claim for retaliation, she is permitted to do so irrespective of the fate of her [False Claims Act] qui *290 tam claim."); New York ex rel Khurana v. Spherion Corp., No. 15 Civ. 6605, 2016 WL 6652735, at *8 (S.D.N.Y. Nov. 10, 2016) ("[T]he N[ew] Y[ork] S[tate] F[alse] C[laims] A[ct] ... [is] modeled on the federal [False Claims Act]; accordingly, courts regularly look to federal law when interpreting the N[ew] Y[ork] S[tate] F[alse] C[laims] A[ct].").
The Court further finds that the Amended Complaint contains sufficient factual allegations supporting Parris's argument that Laval retaliated against him. Parris alleges that Laval retaliated against him in response to (1) Parris complaining of Laval's mistreatment of him and (2) Parris cooperating with an investigation by the Inspector General's Office. The Amended Complaint alleges that, one month after Parris complained of Laval's mistreatment, Laval denied Parris a promotion for which he was qualified. (See Amended Complaint ¶¶ 11-12.) Similarly, the Amended Complaint alleges that Laval prevented Parris from obtaining a promotional transfer after Parris cooperated with the investigation by the Inspector General's Office. (See id. ¶¶ 13-15.) The Court therefore finds that Counts One and Two adequately state claims for retaliation under the federal and state False Claims Acts against NYCHA. Accordingly, the Court denies Defendants' motion to dismiss Counts One and Two as to NYCHA.
However, courts in this Circuit have repeatedly held that "there is no individual liability for retaliation under [the federal and state False Claims Acts]." McKoy v. Uliss, No. 17 Civ. 3398, 2017 WL 2963456, at *2 (E.D.N.Y. July 11, 2017) (collecting cases from courts in this Circuit). The Court therefore finds that Parris's claims for retaliation against Laval must fail. Accordingly, the Court grants Defendants' motion to dismiss Counts One and Two as to Laval.
Finally, the Court addresses the causes of action for which it denies Defendants' motion to dismiss.
Count Three is Parris's claim for negligent hiring, retention, and supervision. As discussed during the October 11 Telephone Conference, the Court and the parties agreed that Parris would withdraw the original Monell and Section 1983 Claims and substitute a non-Monell claim for negligent hiring, retention, and supervision. Parris amended his complaint accordingly, and the Court therefore denies as moot Defendants' motion to dismiss Count Three of the Amended Complaint.
Count Five is Parris's claim for defamation and defamation per se. A complaint asserting a claim for defamation "must allege the time, place and manner of the false statement and specify to whom it was made." Dillon v. City of New York, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (1st Dep't 1999). A claim for defamation per se exists when the allegedly defamatory statement "tend[s] to injure the plaintiff in her trade, business or profession." Nolan v. State, 158 A.D.3d 186, 195, 69 N.Y.S.3d 277 (1st Dep't 2018). As the Court noted during the October 11 Telephone Conference, the Court considers the question of whether the Amended Complaint adequately alleges the requisite elements of defamation and defamation per se to be fairly balanced. While the Amended Complaint appears to specify the time, place and manner of Laval's comments about Parris,[1] the Court finds that there exists some ambiguity regarding to whom the *291 statements were made.[2] It is also unclear whether Laval's comments that Parris is a "problem employee" and a "trouble maker" (Amended Complaint ¶ 15) amount to attacks on his professionalism. Because the Court must draw reasonable inferences and resolve any doubts in favor of the plaintiff, the Court finds that the Amended Complaint contains sufficient factual allegations supporting Count Five to survive a motion to dismiss. See Chambers, 282 F.3d at 152. The Court therefore denies without prejudice Defendants' motion to dismiss Count Five. See Twombly, 550 U.S. at 570, 127 S.Ct. 1955.
ORDER
Upon review of the pleadings and correspondence in the record, and for the reasons described above, as well as those the Court conveyed to the parties during the October 11 Telephone Conference, it is hereby
ORDERED that the motion so deemed by the Court as filed by defendants New York City Housing Authority and Darrell Laval to dismiss (Dkt. No. 4) the Amended Complaint (Dkt. No. 6) of plaintiff Nathaniel Parris is GRANTED as to Count Four; GRANTED in part and DENIED in part as to Counts One and Two; and DENIED as to Counts Three and Five.
SO ORDERED.

(See, e.g., Amended Complaint ¶¶ 15 ("[I]n, or about, March 2017, Mr. Laval stated to many staff members that he was going 'to get' Plaintiff."), 18 ("[I]n, or about, June 2017, Mr. Laval ... called [Plaintiff] a 'trouble maker' and was inquiring about negative infractions about him.").)

(See, e.g., id. ¶¶ 15 (describing "staff members" and "Plaintiff's peers"), 18 (mentioning Plaintiff's "subordinates").)